# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KAREN KING, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. 4:17-cv-03752 |
| § | JURY TRIAL DEMANDED |
| ENI US OPERATING CO. INC., § | |
| § | |
| Defendant. § | |

## COMPLAINT

1. This is a wrongful termination, interference, and retaliation case under the Family and Medical Leave Act ("FMLA"). *See* 29 U.S.C. § 2601 *et seq*.

## JURISDICTION

2. The Court has jurisdiction because Plaintiff's claims arise under the FMLA

## VENUE

3. Venue is proper in the U.S. District Court for the Southern District of Texas – Houston Division because Defendant resides within this District and Division. *See* 28 U.S.C. § 1391(b)(1).

## PARTIES

4. Plaintiff is an individual residing in Houston, Texas.

5. Defendant Eni US Operating Co. Inc. is incorporated in Delaware and headquartered in Houston, Texas.

6. Defendant's registered agent is Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701-4411.

**COVERAGE**

7. At all times relevant, Defendant was a covered employer and Plaintiff was an eligible employee, as those terms are defined by the FMLA.

8. In 2016 or 2017, Defendant employed 50 or more employees for at least 20 workweeks.

9. Plaintiff worked at least 1,250 hours during the 12-month period before she requested and took FMLA leave.

10. Plaintiff worked at Defendant's headquarters in Houston, Texas, where Defendant employed 50 or more employees within a 75-mile radius.

11. Plaintiff was employed by Defendant for more than 12 months before she requested and took her FMLA leave.

12. At all times relevant, Plaintiff suffered from a serious neurological condition known as Mal de debarquement Syndrome ("MdDS") which requires continuing treatment by a health care provider and constitutes a serious health condition.

13. Plaintiff submitted her FMLA Certification Form to Defendant's HR Department on September 7, 2017.

**FACTUAL ALLEGATIONS**

14. Ms. King is 60 years old, and she suffers from a serious neurological condition known as Mal de debarquement Syndrome ("MdDS"). When she informed Elio Rancati (her manager) of her diagnosis, Mr. Rancati exhibited no sympathy and scoffed at her.

15. Mr. Rancati told Plaintiff she should not contact HR to seek leave under any circumstances and that she would be very sorry if she ever made him upset.

16. At one point, around the time Plaintiff had taken some time off for a different health reasons, Mr. Rancati told her "I'm not sure what we are going to do with you." He also said, "I'm going to get Jack (Ms. King's coworker) fired, and I'm still undecided on you."

17. In the summer of 2017, Ms. King's MdDS intensified and she began experiencing increased flare-ups, resulting in debilitating headaches, dizziness, and loss of balance. The onset of these flare-ups was unexpected and could not have been anticipated.

18. On September 7, 2017—despite Mr. Rancati's prior instruction that she should never go to HR for medical leave—Ms. King submitted her FMLA Certification Form to Defendant's HR Department.

19. On the FMLA Certification Form, Ms. King's physician indicated she needed intermittent FMLA leave. Specifically, he noted her debilitating flare-ups would likely occur three to four times a month and last approximately 24 hours, necessitating three or four full-day absences per month.

20. Shortly after Ms. King requested FMLA leave, Mr. Rancati began exhibiting extreme disdain for her. Mr. Rancati became visibly irritated with her during nearly every interaction he had with her.

21. On Saturday, September 30, Ms. King suffered a serious flare-up and collapsed to the floor. She missed work from Monday, October 2 to Wednesday, October 4 (Ms. King was already scheduled to miss work on October 2 for unrelated reasons).

22. Ms. King emailed Mr. Rancati on the morning of October 3 and again on the morning of October 4 to report that she could not work due to her debilitating health-related symptoms, consistent with her physician's opinion on the FMLA Certification Form.

23. Despite knowing that the leave was for medical reasons, Mr. Rancati marked Ms. King's absences as "vacation" on her attendance record.

24. When Ms. King complained to Defendant's HR Department about this incorrect designation, Mr. Rancati became extremely angry and he slammed his office door causing a thunderous boom throughout the office.

25. On October 16, 2017, Mr. Rancati made good on his promise to make Ms. King sorry for seeking leave from HR. He told Ms. King that the Company no longer had a need for the job duties she was performing (which is a demonstrably false statement, as Ms. King's job duties have been reassigned to other workers within the organization).

26. Ms. King was then presented with a proposed separation agreement indicating that she was terminated effective that same day, October 16, 2017.

27. The separation agreement, which Ms. King refused to sign, contains a waiver of her rights under the FMLA—meaning that she would not be permitted to pursue any claim for wrongful termination or retaliation if she signed the agreement.

28. According to Defendant, Ms. King was included in a three-person reduction-in-force ("RIF") on October 16, 2017. However, the alleged RIF is merely an excuse for Defendant to terminate Ms. King, and Defendant's decision to include Ms. King in the alleged RIF was a violation of the FMLA.

**FIRST CLAIM – FMLA DISCRIMINATION/RETALIATION**

29. Plaintiff incorporates the preceding paragraphs into this section.

30. The FMLA prohibits a covered employer from discharging an employee for exercising her right to request and take leave under the FMLA. 29 U.S.C. § 2615(a).

### Prima Facie Case

31. Plaintiff engaged in protected activity under the FMLA by expressing the need for leave that would qualify for FMLA protection and by requesting and taking FMLA leave. Plaintiff's action of complaining about Mr. Rancati's designation of her medical leave as "vacation" also constitutes a protected activity under the FMLA.

32. Plaintiff suffered an adverse employment action when she was selected for inclusion in the alleged RIF, thereby resulting in the end of her employment.

33. Other employees who had not previously engaged in protected activity under the FMLA were excluded from the alleged RIF.

34. As a result, Plaintiff was treated less favorably than other employees who had not previously engaged in protected activity under the FMLA.

### Pretext

35. Defendant's alleged reason for including Plaintiff in the alleged RIF is false.

36. Defendant decided to include Plaintiff in the alleged RIF because Plaintiff engaged in protected activity under the FMLA.

### Mixed-Motive

37. **Pleading in the alternative**, even if Defendant's alleged reason for including Plaintiff in the alleged RIF is true, Defendant's decision to terminate Plaintiff's employment was motivated in part by the fact that Plaintiff engaged in protected activity under the FMLA.

## SECOND CLAIM – FMLA INTERFERENCE

38. Plaintiff incorporates the preceding paragraphs into this section.

39. The FMLA requires a covered employer to restore an eligible employee to the position of employment held by the employee when the leave commenced, or to an equivalent

position with equivalent employment benefits, pay, and other terms and conditions of employment. 29 U.S.C. § 2614(a).

40. By terminating Plaintiff and refusing to reinstate her to her prior position (or a substantially equivalent position) during the timeframe in which she was taking intermittent leave, Defendant interfered with Plaintiff's right to take leave and subsequently be reinstated to her prior position.

## JURY TRIAL DEMANDED

41. Plaintiff requests a jury trial on liability and damages.

## PRAYER FOR RELIEF

Plaintiff Karen King respectfully requests a judgment against Defendant Eni U.S. Operating Co. Inc. as follows:

   a. Backpay and frontpay, including but not limited to, lost salary, bonuses, and benefits;

   b. Liquidated damages in an amount equal to the backpay and frontpay;

   c. Re-employment or reinstatement (if feasible);

   d. Injunctive relief prohibiting Defendant from further violations of the FMLA;

   e. Injunctive relief requiring Mr. Rancati to attend sensitivity training and anti-discrimination training focused on compliance with U.S. employment laws;

   f. Reasonable attorneys' fees and costs;

   g. Prejudgment and post-judgment interest on all amounts awarded at the highest rates allowed by law; and

   h. Any additional relief the Court finds proper, whether at law or in equity.

Respectfully submitted,

T̲h̲e̲ C̲l̲i̲f̲f̲o̲r̲d̲ L̲a̲w̲ F̲i̲r̲m̲, PLLC

By:  s/ Dennis A. Clifford
Dennis A. Clifford
Tex. Bar No. 24050431
S.D. Tex. No. 611330
712 Main Street, Suite 900
Houston, TX 77002
713-999-1833 – Telephone
866-232-0999 – Facsimile
dennis@cliffordemploymentlaw.com

A̲t̲t̲o̲r̲n̲e̲y̲-i̲n̲-C̲h̲a̲r̲g̲e̲ f̲o̲r̲ P̲l̲a̲i̲n̲t̲i̲f̲f̲
K̲a̲r̲e̲n̲ K̲i̲n̲g̲